1

2              IN THE UNITED STATES DISTRICT COURT

3            FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7    VERNON D. CARROLL,

8              Plaintiff,            CV F 08 0564 AWI WMW PC

9         vs.                       TRANSFER ORDER

10

11

12   GOV. SCHWARZENEGGER, et al.,

13             Defendants.

14

15        Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C.

16   § 1983.

17        Plaintiff, an inmate in the custody of the California Department of Corrections and

18   Rehabilitation at CSP Corcoran, brings this action challenging the basis of his criminal

19   conviction in Los Angeles County.

20        Though filed on a form for a civil rights claim pursuant to section 1983, Plaintiff states

21   the following as his claim: "The main issue concerning this allege case is that the Head of the

22   Superior Court Room here at the City of Lancaster within each defendant(s) as written is and still

23   are fully aware of a wrongful judgment within his allege criminal convictions. . . ."  Plaintiff goes

24   on to generally allege court error.   Among the named defendants are Judge Michael Luros,

25   Deputy District Attorney Brooks and attorney Aurum Harris, a public defender.

26

1

1       The federal venue statute requires that a civil action, other than one based on diversity

2   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

3   defendants reside in the same state, (2) a judicial district in which a substantial part of the events

4   or omissions giving rise to the claim occurred, or a substantial part of the property that is the

5   subject of the action is situated, or (3) a judical district in which any defendant may be found, if

6   there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

7       In this case, Plaintiff names defendants situated in Los Angeles County, and appears to

8   challenge the basis of a conviction entered in Los Angeles County.   Therefore, the complaint

9   should have been filed in the United States District Court for the Central District of California.

10  In the interest of justice, a court may transfer a case filed in the wrong district to the correct

11  district.   See 28 U.S.C. §1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C.Cir. 1974).

12      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United

13  States District Court for the Central District of California.

14

15

16      IT IS SO ORDERED.

17  **Dated:   June 23, 2008**           **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26